**In re Margaret J. REZA, Debtor.**

**Bankruptcy No. 2–91–07560.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Jan. 8, 1992.

J. Michael Hood, Ada, Ohio, for debtor.

David M. Whittaker, Columbus, Ohio, Chapter 7 Trustee.

### ORDER ON PRO HAC VICE APPLICATION

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

This matter is before the Court upon the Pro Hac Vice Application ("Application")

filed on October 9, 1991 by J. Michael Hood.

## I. *Findings of Fact*

Mr. Hood seeks temporary admission to the Southern District of Ohio to represent Margaret J. Reza ("Debtor") in a Chapter 7 proceeding which he filed on behalf of the Debtor two days prior to the submission of the Application.

The Application consists of one sole paragraph which states:

Now comes the undersigned J. Michael Hood, and hereby moves the Court to allow him to proceed Pro Hac Vice in order to permit him to appear on behalf of Margaret J. Reza who has filed a Chapter 7 Bankruptcy in this Court.

## II. *Conclusions of Law*

Local Bankruptcy Rule 5.4 provides in part:

All motions and applications tendered for filing shall be accompanied by a memorandum in support....

In addition, Local Bankruptcy Rule 4.1(a) provides that:

(a) Designation and Qualification of Case Attorney. Unless otherwise ordered by the court, in all cases and adversary proceedings filed in, referred to, transferred to or removed to this court, all parties not appearing *pro se* shall be represented by a "case attorney" who is a member in good standing of the United States District Court for this district, or who is a member in good standing of the highest court of a state, has been admitted to practice in a United States District Court, and maintains an office for the practice of law either within the State of Ohio or within 100 miles of the location of the court at Cincinnati, Columbus or Dayton.

The Sixth Circuit has apparently had few opportunities to address the issue of pro hac vice applications; however, in the case of *D.H. Overmyer Co., Inc. v. Robson*, 750 F.2d 31 (6th Cir.1984), the court stated:

On the one hand, the profession of an attorney is of great importance to an individual, and the prosperity of his whole life may depend on its exercise. The right to exercise it ought not to be lightly or capriciously taken from him. On the other, it is extremely desirable that the respectability of the bar should be maintained, and that its harmony with the bench should be preserved. For these objects, some controlling power, some discretion, ought to reside in the court.

*D.H. Overmyer*, 750 F.2d 31, 33 (quoting *Ex parte Burr*, 22 U.S. (9 Wheat.) 529, 6 L.Ed. 152 (1824)).

While this Court welcomes the appearance of competent practitioners not admitted to practice before it, the discretionary powers afforded this Court in preserving the standards of practice in this District indicate that certain guidelines should be imposed upon and followed by attorneys seeking permission to practice pro hac vice.

■ First, admission pro hac vice is temporary and limited in character and is not intended to be requested by a practitioner on a frequent basis. Black's Law Dictionary defines pro hac vice as:

For this turn; for this one particular occasion. A lawyer may be admitted to practice in a jurisdiction for a particular case only.

Black's Law Dictionary 1091 (5th ed. 1979).

Admittance to practice before this Court on a regular basis may be obtained through the passing of an examination, accompanied by a fee, which tests the applicant's knowledge of the local rules of court. Repeated requests for pro hac vice admittance before this Court by a practitioner who chooses not to take this examination will not be granted.

■ Second, all requests for pro hac vice admittance must be supported by a statement from the applicant which evinces the applicant's qualifications to practice before this Court. Given the strictures imposed upon attorneys by Rule 11 of the Federal Civil Rules of Procedure, it is sufficient that this information be set forth in a pleading and need not be in the form of an affidavit. The statement should include

sufficient information to satisfy the Court that the admittance of the applicant pro hac vice otherwise complies with the local rules of this District and of this Court. At a minimum, the statement should include the courts before which the applicant is currently admitted to practice and the year such admission was obtained. In addition, the statement should disclose any information that might otherwise impact on the Court's determination, such as some indication of previous bankruptcy practice and as a minimum an averment that the applicant is not under suspension from the practice of law before another court of this state or district or a court of another jurisdiction.

■ The one paragraph Application submitted by Mr. Hood does not comport with L.B.R. 5.4 and fails to provide this Court with any instruction as to Mr. Hood's qualifications to act as case attorney under L.B.R. 4.1(a). Therefore, it is hereby

ORDERED that the Pro Hac Vice Application of J. Michael Hood is denied without prejudice.

IT IS SO ORDERED.